**WINBOND ELECTRONICS CORPORATION and Winbond Electronics North America Corporation, Appellants,**

and

**Silicon Storage Technology, Inc., Appellant,**

and

**Sanyo Electric Co., Ltd., Appellant,**

**Macronix International Co., Ltd. and Macronix America, Inc., Intervenors,**

v.

**INTERNATIONAL TRADE COMMISSION, Appellee,**

and

**Atmel Corporation, Intervenor.**

**Atmel Corporation, Appellant,**

**International Trade Commission, Appellee,**

and

**Macronix International Co., Ltd. and Macronix America, Inc., Appellee,**

and

**Winbond Electronics Corporation and Winbond Electronics North America Corporation, Intervenors,**

and

**Silicon Storage Technology, Inc., Intervenor,**

and

**Sanyo Electric Co., Ltd., Intervenor.**

No. 01–1031, 01–1032, 01–1034.

United States Court of Appeals, Federal Circuit.

Oct. 31, 2001.

Kirk R. Ruthenberg, Lisa Pandohie–Johnson, Sonnenschein Nath & Rosenthal, Washington, DC.

Edward H. Rice, Sonnenschein Nath & Rosenthal, Chicago, IL, for Intervenor Macronix International Co., Ltd. and Macronix America, Inc., for Intervenor Macronix International Co., Ltd. and Macronix America, Inc.

## ATTACHMENT

Motion of Macronix International Co., Ltd. and Macronix America, Inc. to Correct the Court's Opinion of August 22, 2001.

Sept. 26, 2001.

Macronix International Co., Ltd. and Macronix America, Inc. ("Macronix") here-

by move this Court, pursuant to Fed. Cir. R. 27, to correct certain factual errors in the Court's recitation of the procedural history of this case as set forth within the Court's August 22, 2001 opinion [262 F.3d 1363]. The statements Macronix seeks to correct, as detailed below, contain factual errors that purport to represent that Macronix, along with the other respondents, was subject to a limited exclusion order and found to have infringed the '903 patent, neither of which is true. Macronix, unlike the other respondents in this investigation, has never been subject to a limited exclusion order and was expressly found to have not infringed the '903 patent.

In the Court's opinion at pages 4–5 [262 F.3d at 1368], the court defines the term "respondents" to collectively refer to Macronix, Winbond Electronics Corp., Winbond Electronics North America Corp., and Sanyo. In summarizing the procedural history of the case, the Court, at page 8 [262 F.3d at 1369] of the opinion, mistakenly lumps all of the respondents together in describing the entry of the limited exclusion order:

> "As a remedy for violation of section 337, the Commission issued a limited exclusion order covering the respondents' accused semiconductor devices and circuit boards containing those devices." Slip Op. at 8 [262 F.3d at 1369].

In fact, the International Trade Commission's limited exclusion order was never entered against Macronix. Instead, at the time the limited exclusion order was entered, the Commission ruled that Macronix did not infringe the '903 patent. *In the Matter of Certain EPROM, EEPROM, Flash Memory, and Flash Microcontroller Semiconductor Devices, and Products Containing Same,* Inv. No. 337–TA–395,

Notice of Final Determination and Issuance of Limited Exclusion Order (October 16, 2000) at p. 4 (Exhibit A).** Thus, the limited exclusion order only covered products manufactured by Winbond and Sanyo. *In the Matter of Certain EPROM, EEPROM, Flash Memory, and Flash Microcontroller Semiconductor Devices, and Products Containing Same,* Inv. No. 337–TA–395, Limited Exclusion Order (October 16, 2000) at p. 3 (Exhibit A).

The Court's opinion goes on to say, also at page 8 [262 F.3d at 1369], that the "Respondents and SST filed motions for stays, pending appeal, of the limited exclusion order issued by the Commission." Slip Op. at 8 [262 F.3d at 1369]. In actuality, however, only Sanyo, Winbond and SST filed motions for stays of the limited exclusion order. Macronix did not file a motion for stay since it was not subject to the exclusion order.

In its 8/22/01 opinion, the Court further stated that "[t]he January 30 opinion gave judgment as to the parties' dispute over infringement of the '903 patent. *Winbond,* 2001 WL 80412, 2001 U.S.App. LEXIS 1274." Slip Op. at 9 [262 F.3d at 1369]. When read in the context of the Court's statements regarding the limited exclusion order above, the Court gives the impression that the January 30 opinion entered judgment on a finding of infringement that included Macronix. In fact, the January opinion did not enter judgment regarding the dispute between Macronix and Atmel over infringement of the '903 patent. Rather, it sent that dispute back to the Commission.

In its January 30, 2001 opinion regarding the claim construction of the '903 patent, the Court vacated the Commission's prior determination that Macronix did not infringe and remanded to the Commission

---

** **Editor's Note:** Exhibits were not included for     publication.

the issue of whether the Macronix devices infringed the '903 patent in light of the Court's new claim construction:

Because this court has supplied a new meaning of the claim elements "adjacent," "access means" and "output means," including structures corresponding to the claimed functions of the "access means" and the "output means," this court vacates the Commission's judgment of non-infringement by Macronix and remands to the Commission. On remand, the Commission must make findings to determine whether the accused Macronix devices have the same or equivalent structures to: (1) a high voltage detection circuit and a decoder for the "access means"; and (2) an output buffer and output pins for the "output means." *Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1364, 54 USPQ2d 1308, 1351 (Fed.Cir.2000) (stating that "in order for an accused structure to literally meet a section 112, paragraph 6 means-plus-function limitation, the accused structure must either be the same as the disclosed structure or be a section 112, paragraph 6 'equivalent,' i.e., (1) perform the identical function and (2) be otherwise insubstantially different with respect to structure.").

*Winbond*, 2001 WL 80412, 2001 U.S.App. LEXIS 1274, at *24–25.

At no time has there been any finding by the ALJ, the Commission or this Court that Macronix infringed the '903 patent. Indeed, *upon remand pursuant to the Court's January 30 opinion*, the Commission, by Order dated June 1, 2001, ruled that Macronix did not infringe the '903 patent and terminated the investigation against Macronix with a finding of no violation of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337). June 1, 2001 Order (Exhibit B). Atmel did not appeal

that Order. Instead, Atmel filed a petition pursuant to ITC Rule 210.47 for reconsideration of the Commission's June 1, 2001 determination of no violation of section 337 by Macronix. On July 26, 2001 the Commission entered an Order denying Atmel's petition for reconsideration. July 26, 2001 Order (Exhibit C).

Accuracy of the court's public records and documents are paramount to the integrity of the judicial process. Accuracy of the court's documents are also paramount to Macronix's reputation in the global business and legal community, as well as to the integrity of claims or defenses asserted in any pending or future litigation or dispute resolution process. Accordingly, Macronix respectfully requests that the court issue a corrected opinion clarifying that Macronix was at no time subject to a limited exclusion order, and that the Commission concluded that Macronix did not infringe the '903 patent and committed no violation of § 337 of the Tariff Act of 1930, 19 U.S.C. § 1337. Macronix respectfully suggests that, to accomplish this goal, the opinion could be amended in the following respects:

1. At the sentence continuing from page 4 to 5 [262 F.3d at 1368], delete the phrase "(all three collectively 'respondents')."

2. Amend the third sentence of the first full paragraph at page 8 [262 F.3d at 1369] to read as follows: "As a remedy for violation of section 337, the Commission issued a limited exclusion order covering the respondents' (other than Macronix's) accused semiconductor devices and circuit boards containing those devices."

3. Amend the first sentence of the second full paragraph at page 8 [262 F.3d at 1369] to read as follows: "In December 2000, Winbond, Sanyo and SST filed motions for stays, pending ap-

peal, of the limited exclusion order issued by the Commission."

4. Amend the fourth sentence of the second full paragraph at page 8 [262 F.3d at 1369] to read as follows: "The January 30 opinion gave judgment as to the parties' dispute over infringement by Winbond, Sanyo and SST of the '903 patent and remanded to the Commission the issue of whether Macronix infringed under the Court's new claim interpretation of the '903 patent."

Counsel for Macronix has contacted counsel for Atmel, Winbond, SST, Sanyo, and the ITC, each of whom has indicated their clients do not object to Macronix's motion to correct the court's opinion. None of them intends to file a response to this motion.